UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TEAM CO., LTD.,<br><br>Applicant. | Case No. 22-mc-80183-VKD<br><br>**ORDER RE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MOTION TO STAY; EXTENDING DEADLINE FOR SERVICE**<br><br>Re: Dkt. No. 5 |

On July 20, 2022, the Court ordered Team Co., Ltd. ("Team Co") to serve its subpoena for documents on Google LLC ("Google"), pursuant to 28 U.S.C. § 1782, by August 3, 2022. Dkt. No. 4. Team Co now seeks leave to file a motion for reconsideration of the Court's order. Dkt. No. 5. As the motion for leave appears to contain the arguments Team Co says it would make if given leave to file a motion for reconsideration, the Court grants the motion for leave and will reconsider its July 20, 2022 order based on grounds set forth in Team Co's motion for leave. Having considered Team Co's motion, the Court declines to postpone service on Google and to defer the question of consent/declination to magistrate judge jurisdiction until after the Court decides Team Co's § 1782 application.

Adjudications of applications filed pursuant to 28 U.S.C. § 1782 are case-dispositive decisions under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). Absent consent of all parties, a magistrate judge may not finally decide a § 1782 application and may only provide a report and recommendation on the application to a district judge. *CPC Pat. Techs.*, 34 F.4th at 810. In the absence of complete consent, § 1782 applications must be assigned to a district judge in the first

instance.

Team Co says that, nevertheless, the only party that must consent in order for a magistrate judge to have authority to decide the application is the applicant. Dkt. No. 5 at 3–6. It bases this assertion on the claim that the subpoena target is not a party to the case. *Id.* at 4. According to Team Co, the subpoena target only becomes a party to the case once it moves to quash the subpoena or otherwise appear in the action. Only then, Team Co says, must that party's consent be obtained.

This argument is at odds with *CPC*. In that case, CPC filed an ex parte application in the United States for discovery from Apple, Inc., for use in an anticipated lawsuit against an Apple affiliate in Germany. *CPC Pat. Techs.*, 34 F.4th at 804–05. The application was assigned to a magistrate judge in this District. *Id.* Before the magistrate judge decided the application, neither CPC nor Apple (the party from whom discovery was sought) consented to or declined magistrate judge jurisdiction; Apple did not even appear. *Id.* at n.1.

The Ninth Circuit's holding in *CPC* did not turn on whether Apple had appeared as a "party" in the underlying litigation at the time the magistrate judge decided CPC's § 1782 application. While consistently referring to Apple as a "party" and to CPC and Apple collectively as the "parties," the court held: "CPC's application for court-ordered discovery pursuant to sec. 1782 was a dispositive matter. Because *both parties* did not consent to magistrate judge jurisdiction, the magistrate judge here lacked authority to issue a binding ruling that denied the application." *Id.* at 808 (emphasis added); *see also id.* at 805.

The Ninth Circuit considered the argument that following a court order authorizing discovery there might be further proceedings such as a motion to quash. The court, however, found that these further proceedings were only "incidental" to the underlying order deciding the § 1782 application, much like post-judgment proceedings under Rules 59(e) or 60. *Id.* at 809. "The possibility of these later challenges does not negate the dispositive nature of the dismissal, summary judgment, or other motion leading to the judgment." *Id.* at 809–10 (citing 28 U.S.C. § 636(b)(1)(A) (listing motions a magistrate judge lacks authority to rule on); Fed. R. Civ. P. 72(b)(1) (same, and labeling these "dispositive"); *Khrapunov v. Prosyankin*, 931 F.3d 922, 933

1  (Callahan, J. concurring in the judgment and dissenting) ("[Appellant] argues that the denial of a
2  motion to quash in a § 1782 proceeding is non-dispositive because the prospect of additional
3  litigation remains if, for example, the subpoenaed party fails to comply with the court's order. But
4  that possibility exists in virtually all cases, even after the entry of a final judgment.").

5  It is possible that the Court may deny Team Co's § 1782 application. Therefore, at the
6  very least, the application requires the Court to make a potentially case-dispositive decision. In
7  these circumstances, the Court cannot proceed to decide the application absent the consent of all
8  parties.

9  Team Co argues that it would be burdensome for Google to have to appear in the action
10 and indicate whether it consents or declines to magistrate judge jurisdiction before being served
11 with a subpoena. *See* Dkt. No. 5 at 6. Team Co does not explain how Google would be unduly
12 burdened, and the Court finds this argument unpersuasive. Team Co does not argue that it would
13 be unduly burdensome for Team Co to serve a copy of the § 1782 application on Google.

14 Team Co is correct in one respect. As this matter currently stands, the Court cannot
15 require Google to appear in the action or to indicate whether it consents to or declines magistrate
16 judge jurisdiction before entering an appearance. However, the Court can and does require Team
17 Co to indicate whether *it* consents to or declines magistrate judge jurisdiction and to serve its
18 § 1782 application on Google.

19 For the reasons explained above, the Court declines to postpone service on Google and to
20 defer the question of consent/declination to magistrate judge jurisdiction until after the Court
21 decides Team Co's § 1782 application. The Court extends Team Co's deadline to serve its § 1782
22 application on Google to **August 19, 2022**. If, after service upon Google, the Court does not have
23 the consent of both Team Co and Google to magistrate judge jurisdiction by **September 2, 2022**,
24 the Court will direct the Clerk's Office to reassign this matter to a district judge.
25 //
26 //
27 //
28 //

**IT IS SO ORDERED.**

Dated: August 8, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4