| | |
|---|---|
| 1 | Julie E. Schwartz, Bar No. 260624 |
|   | JSchwartz@perkinscoie.com |
| 2 | Kim Y. Ng, Bar No. 335222 |
|   | KNg@perkinscoie.com |
| 3 | PERKINS COIE LLP |
|   | 3150 Porter Drive |
| 4 | Palo Alto, California 94304-1212 |
|   | Telephone: +1.650.838.4300 |
| 5 | Facsimile:  +1.650.838.4350 |
| 6 | Michael C. Bleicher, Bar No. 313892 |
|   | MBleicher@perkinscoie.com |
| 7 | 700 Thirteenth Street, N.W., Suite 800 |
|   | Washington, DC 20005-3960 |
| 8 | Telephone: +1.202.654.6200 |
|   | Facsimile:  +1.202.654.6211 |

Attorneys for Non-Party
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TEAM CO., LTD., | Case No. 5:22-mc-80183-VKD |
| Applicant. | **NON-PARTY GOOGLE LLC'S RESPONSE TO ORDERS REGARDING CONSENT OR DECLINE MAGISTRATE JUDGE JURISDICTION** |
| | Judge:   Virginia K. DeMarchi |

Non-Party Google LLC ("Google") hereby responds to this Court's Order Setting Deadlines for Service and Consent or Declination to Proceed Before a Magistrate Judge, Dkt. 4 and the Order re Motion to Leave to File Motion for Reconsideration and Motion to Stay; Extending Deadline for Service, Dkt. 6 (collectively, "Orders").

In accordance with the provisions of 28 U.S.C. § 636(c), Google voluntarily consents to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. Google understands that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

By consenting to magistrate judge jurisdiction, Google preserves and does not waive its

right to challenge any subpoena resulting from Applicant Team Co., Ltd.'s *Ex Parte* Application ("Application"), including under the factors set forth by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ("*Intel*").[1] *See, e.g.*, *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order on an ex parte basis); *In re Nagatsuki Ass'n*, No. 20-MC-80030-SVK, 2020 WL 887890, at *2 (N.D. Cal. Feb. 24, 2020) ("orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued") (quotation omitted).

Should the Court grant the Application, Google requests that its order require that Google provide notice of the subpoena and order to the Google account holder associated with the URL[2] identified in the subpoena, "S K," and incorporate a 30-day period for both Google and the account holder to move to quash the subpoena.[3]

---

[1] As of the date of this filing, Google has not been served with the Application, and it has not been served with the proposed subpoena. Google also does not understand the Orders to require Google to respond to the Application at this time.

[2] https://www.google.com/maps/contrib/107223444377040788579/place/ChIJeTsEYPxoA2ARSZPn5hcToWI/.

[3] Google intends to object to the proposed subpoena under the *Intel* factors on multiple grounds. These objections may include, but are not limited to, the objections that Applicant has not established that the safeguards applicable to anonymous online speech have been satisfied here and that the subpoena runs afoul of the policies of the United States. *See In re Grand Jury Investigation of Possible Violation of 18 U.S.C. 1461 et seq.*, 706 F. Supp. 2d 11, 17 n.3 (D.D.C. 2009) (company had standing to bring First Amendment challenge on behalf of its customers) (citing *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 392–393 (1988); *see also Highfields Capital Mgmt. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005) (requiring plaintiff to show a "real evidentiary basis" that the defendant engaged in wrongdoing and assessing whether enforcing the subpoena would cause relatively little harm to the defendant's First Amendment and privacy rights and its issuance is necessary to enable plaintiff to protect against or remedy serious wrongs); *Tokyo Univ. of Soc. Welfare v. Twitter, Inc.*, No. 21-MC-80102-DMR, 2021 WL 4124216, at *4 (N.D. Cal. Sept. 9, 2021) (applying *Highfields* in a Section 1782 action).

| | | |
|---|---|---|
| 1 | Dated: September 2, 2022 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: *s/ Julie E. Schwartz* |
| 4 | | Julie E. Schwartz<br>Michael C. Bleicher |
| 5 | | Kim Y. Ng |
| 6 | | Attorneys for Non-Party<br>GOOGLE LLC |