1
2
3
4               UNITED STATES DISTRICT COURT
5              NORTHERN DISTRICT OF CALIFORNIA
6                    SAN JOSE DIVISION
7

8  IN RE EX PARTE APPLICATION OF          Case No.  22-mc-80183-VKD
   TEAM CO., LTD.,
9                                         
          Applicant.                      **ORDER GRANTING, AS MODIFIED,**
10                                         **APPLICATION FOR ORDER**
                                          **PURSUANT TO 28 U.S.C. § 1782**
11
                                          Re: Dkt. No. 1
12

13

14         Applicant Team Co., Ltd. ("Team Co.") applies ex parte for an order pursuant to 28 U.S.C.

15  § 1782 authorizing service of a subpoena for documents on Google LLC ("Google").  Dkt. No. 1.

16  Although the proposed subpoena is directed to Google, Team Co. says it will use the subpoena to

17  obtain identifying information for a Google account holder.[1]  *See* Dkt. No. 1 at 3.

18         The Court grants the application subject to the modifications and requirements set forth

19  below.

20  **I.      BACKGROUND**

21         According to the application, Team Co. is a Japanese corporation that operates a restaurant

22  in Aichi, Japan.  Dkt. No. 1 at 1.  On May 10, 2022, a person using a Google account with the

23  display name "SK" posted a negative review of the restaurant with a one-star rating on the

24  restaurant's Google Map review page.  *Id.* at 2.  The text of review (as translated in Team Co.'s

25  application) states:  "When I went last time, a customer at around 12:45 on May 2 dropped

26  140,000 yen and couldn't get the matter resolved by phone afterwards, so I wouldn't go here!

27  _____

28  [1] All parties appearing have indicated their consent to magistrate judge jurisdiction.  Dkt. Nos. 7,
   10.

United States District Court
Northern District of California

1   Maybe it was a customer or someone working at this restaurant?  It might have been better to call

2   the police!"  Dkt. No. 1-3, Ex. A.

3        Team Co. says that the review includes false statements accusing restaurant employees of

4   stealing a customer's money and refusing to return it.  Dkt. No. 1 at 3; Dkt. No. 1-1 ¶ 10.  Team

5   Co. contends that the review has damaged the restaurant's reputation and has negatively impacted

6   its business.  Dkt. No. 1-1 ¶ 11.  Team Co. says that it intends to file a lawsuit in Japan asserting

7   claims for violations of Articles 709 and 710 of the Japanese Civil Code once Team Co. ascertains

8   the true identity of SK.  Dkt. No. 1 at 3; Dkt. No. 1-2 ¶¶ 6-9.  Team Co. seeks permission to serve

9   a subpoena on Google seeking the following documents, which it says will allow it to identify SK:

10      1.  ALL DOCUMENTS showing the following information ever
            registered with ACCOUNT 1[2]:
11          (i) names;
            (ii) physical, billing, shipping, or ALL other addresses;
12          (iii) recovery, authentication, or ALL other e-mail addresses;
            (iv) recovery, authentication, or ALL other telephone numbers;
13          (v) ALL names and addresses of ALL credit cards registered to
            ACCOUNT 1 (but not the credit card number, expiration date, or card
14          validation code); and,
            (vi) ALL names, addresses, e-mail addresses, telephone numbers, and
15          names of the payment methods (such as PayPal), for ALL non-credit
            card payment methods registered to ACCOUNT 1.
16
        2.  ALL DOCUMENTS showing the following information as of the
17          date that ACCOUNT 1 was created, and for the three-month period
            immediately preceding July 20, 2022 and until the date that you
18          respond to this request: ALL access log (dates, times, and IP
            addresses) of ACCOUNT 1.
19
        3.  ALL DOCUMENTS showing the following information ever
20          registered with ALL Google Ads accounts or ALL other accounts that
            are controlled by you that ACCOUNT 1 has ever been used to login
21          with (the "OTHER ACCOUNTS"):
            (i) names;
22          (ii) physical, billing, shipping, or any other addresses;
            (iii) recovery, authentication, or any other e-mail addresses;
23          (iv) recovery, authentication, or any other telephone numbers;
            (v) ALL names and addresses of ALL credit cards registered to ALL
24          of the OTHER ACCOUNTS (but not the credit card number,
            expiration date, or card validation code);
25          (vi) ALL names, addresses, e-mail addresses, telephone numbers, and
            names of the payment methods (such as PayPal), for ALL non-credit
26          card payment methods registered to ALL of the OTHER

27   _____

28   [2] "ACCOUNT 1" is defined as the Google account with the display name "SK" that posted the
     review in question.  Dkt. No. 1, Ex. A at ECF 14.

2

United States District Court
Northern District of California

ACCOUNTS; and,

(vii) the type of ALL of the OTHER ACCOUNTS (such as a Google Ads account).

4. ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS were created, and for the three-month period immediately preceding July 20, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ALL of the OTHER ACCOUNTS.

Dkt. No. 1, Ex. A at ECF 14-15.

Team Co.'s application is supported by the declarations of Naoko Teramatsu (a Team Co. employee), Yoshiaki Kitazawa (Team Co.'s Japan counsel), and Yoshie Katsurada (a translator). Dkt. Nos. 1-1, 1-2, 1-3.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

United States District Court
Northern District of California

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III.     DISCUSSION

### A.     Statutory Requirements

Team Co.'s application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal places of business in the Northern District of California. Dkt. No. 1 at 2, 5. Second, Team Co. requests this discovery for

use in a civil action for violations of Articles 709 and 710 of the Japanese Civil Code that it says it anticipates filing in Japan as soon as it learns the true identity of SK. *Id.* at 3, 5. Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Team Co., as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute. *Id.* at 6.

## B.   *Intel* Factors

Even if the Court has the authority to grant Team Co.'s § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional, non-exhaustive *Intel* factors.

### 1.   Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action Team Co. plans to bring in Japan, and the documents Team Co. seeks by subpoena are located in the United States. Dkt. No. 1 at 6. Team Co. contends that such evidence is outside the reach of the Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 2.   Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re*

United States District Court
Northern District of California

1    *Varian Med. Sys.*, 2016 WL 1161568, at *4.  "[I]f there is reliable evidence that the foreign

2    tribunal would not make any use of the requested material, it may be irresponsible for the district

3    court to order discovery, especially where it involves substantial costs to the parties involved."  *Id.*

4    (internal quotations and citations omitted).  Courts have denied requests for discovery where the

5    foreign tribunal or government expressly says it does not want the U.S. federal court's assistance

6    under § 1782.  *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the

7    German government expressly objected to the information sought due to concerns that it would

8    jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re*

9    *Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding

10   that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission

11   filed an amicus brief stating that it had no need or use for the requested discovery).

12          Here, Team Co. represents that Japanese courts have been receptive in other matters to

13   assistance in discovery from the United States and that it is unaware of any "restrictions imposed

14   by or any policies under Japanese law limiting U.S. federal court judicial assistance."  Dkt. No. 1

15   at 7.  Team Co.'s Japan counsel attests that Team Co. cannot proceed with an action in Japan

16   unless it obtains the true identity of SK.  Dkt. No. 1-2 ¶ 11.  In the absence of evidence that the

17   Japanese court would object to Team Co.'s discovery of the information sought in the subpoena,

18   or that it would object more generally to the judicial assistance of U.S. federal courts, the Court

19   concludes that this factor weighs in favor of authorizing service of the subpoena.

20          **3.    Circumvention of proof-gathering restrictions**

21          Under this factor, the Court considers whether Team Co.'s request for discovery "conceals

22   an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country

23   or the United States."  *Intel*, 542 U.S. at 265.  "A perception that an applicant has side-stepped

24   less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's

25   analysis."  *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube*

26   *(CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)).

27   Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest

28   that [the applicant] is attempting to circumvent foreign proof-gathering restrictions."  *In re*

                                                    6

*Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Team Co.'s Japan counsel attests that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Team Co. seeks here.  Dkt. No. 1-2 ¶ 16.  Google says that if the Court authorizes service of the subpoena it "intends to object . . . on multiple grounds," including that "Applicant has not established that the safeguards applicable to anonymous online speech have been satisfied here and that the subpoena runs afoul of the policies of the United States."  Dkt. No. 19 at 2 n.3.  However, at this point, it is not clear whether the proposed subpoena would run afoul of any safeguards or policies applicable to anonymous speech by SK, and Google does not brief the issue at this time.

In the absence of contrary information, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4.    Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 265.

Team Co.'s proposed subpoena to Google seeks "all documents" identifying the person who uses a Google account with the display name SK, including the user's name and contact information, payment methods (and all names and contact information associated with those payment methods), as well as access logs on the date the account was created and for the period of time from April 20, 2022 to the present (i.e. "for the three-month period immediately preceding July 20, 2022 and until the date that you respond to this request").  Team Co. seeks the same information for "all Google Ads accounts or all other accounts that are controlled by [Google] that ACCOUNT 1 has ever been used to login with."  *See* Dkt. No. 1, Ex. A at ECF 14-15.

Team Co. principally relies on the declaration of Mr. Kitazawa, its Japan counsel, to explain why, in Team Co.'s view, it is necessary to obtain the access log information and why it is also necessary to obtain information concerning "other accounts" SK may have.  *See* Dkt. No. 1-2,

¶¶ 17-21.  Crediting this explanation, the Court finds that Team Co. has shown that it likely will not have the identifying information it requires to proceed with a civil action in Japan unless it obtains contact information and access log information.  However, the Court is not persuaded that Team Co. requires "all documents showing"; rather, it should only require "documents sufficient to show" the information described in each of the four document requests in order to identify SK for purposes of filing a civil action.

Finally, Team Co.'s proposed discovery does intrude upon the privacy interests of the Google account holder who posted the review.  These concerns may be addressed by adopting procedural protections to ensure that any objections the account holder may have to disclosure of his or her information are addressed by the Court before disclosure is made.  Specifically, and as set forth below, Google must notify the Court of any objections it receives from the account holder, and it may not disclose objected-to documents to Team Co. until the Court resolves those objections.

## IV.    CONCLUSION

Team Co.'s application meets the statutory criteria for an order authorizing service of the proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena, *except* that Team Co. must modify the document requests in its subpoena to request only "documents sufficient to show" in place of "all documents showing."

Accordingly, the Court authorizes service of the proposed subpoena, with the modification noted above, on Google.  This order does not foreclose a motion to quash or further modify the subpoena by Google following service, or by the Google account holders or account users whose identifying information is sought.  The Court orders Team Co. and Google to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1.  At the time of service of the revised subpoena, Team Co. must also serve a copy of this order on Google.

2.  Within 10 calendar days of service of each subpoena and this order, Google shall notify

United States District Court
Northern District of California

the account holders and account users within the scope of the subpoena that their identifying information is sought by Team Co., and shall serve a copy of this order on each such person.

3. Google and/or any person whose identifying information is sought may, within 30 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Google in writing of any objections he or she has to disclosure of the information and the bases for any such objections.  Within 10 days of receipt of any such objections, Google shall so advise the Court.

5. If any person contests the subpoena or objects to any portion of it, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

Any information Team Co. obtains pursuant to the subpoena may be used only for purposes of the anticipated civil action for violations of Articles 709 and 710 of the Japanese Civil Code, and Team Co. may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: September 7, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California